IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MALCOLM JOHNSON,**  **Plaintiff,**  v.  **SOUTHERN ILLINOIS UNIVERSITY EDWARDSVILLE, PHI KAPPA PSI FRATERNITY, ALPHA SIGMA TAU SORORITY, and SIGMA TAU GAMMA FRATERNITY,**  **Defendants.** | Case No. 3:21-cv-00898-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This court shall dismiss a case at any time if the court determines that the action is frivolous or malicious under 28 U.S.C. §1951(e)(2)(B). There can be no doubt this claim is frivolous.

When the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify *sua sponte* dismissal without giving notice and the opportunity to respond. *Aljabri v. Holder,* 745 F.3d 816, 819 (7th Cir. 2014); *Hoskins v Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003). "A suit is frivolous if it is apparent from reading the complaint . . . that the case is going nowhere." *Carter v. Homeward Residential, Inc.,* 794 F.3d 806, 807 (7th Cir. 2015). A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible. *Felton v. City of*

*Chicago,* 827 F.3d 632, 635 (7th Cir. 2016) (citing *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992)).

A review of Plaintiff Malcolm Johnson's Complaint clearly shows that he is mentally unwell. Johnson's thirty-five-line narrative takes the reader through nefarious plots to stalk, rape, enslave, and murder him by two college fraternities, one sorority, and more than thirty named individuals (Doc. 1). From there we learn of his participation in intellectual research conducted upon him by Russian scientists and his selection to be in a National Aeronautics and Space Administration program (*Id.*). Johnson identifies people who claim he is schizophrenic, and he provides refutation with the multiple times and ways it has been established that he is mentally fit (*Id.*). On the last page of his pleading, he hand-wrote "Help!!!" three times as well as the words "Torture" and "Hostage" (*Id.*).

Johnson's companion case, *Johnson v. Missouri State High School Activities Association, et al*, SDIL Case No. 3:21-cv-899-DWD, filed the same day as this case, also captures Johnson's bizarre thoughts as he seemingly descends into an alternative reality. The fact that none of the identified parties are subject to the jurisdiction of this Court is the least puzzling aspect of that complaint.

Johnson claims this Court has jurisdiction over his claim by virtue of 18 U.S.C. § 1031 because of "Major Fraud against the United States" (Doc. 1). He does not allege diversity of citizenship as a basis for jurisdiction (*Id.*). The cited statute is a criminal statute. However, 18 U.S.C. § 1031(h) does create a cause of action for any whistleblower or cooperating employee who suffers adverse consequences imposed by

his or her employer for cooperating with the government in prosecuting the crime so long as that employee was not a participant in the unlawful activity. No allegations made by Johnson fall anywhere within the orbit of this statute and cannot be the basis for this Court to exercise jurisdiction over this matter.

This cry for help, while a sad testament to the torment of mental illness, cannot be redressed by this Court. The defects in this Complaint are clearly incurable. Extending an opportunity to Johnson to file an Amended Complaint would be a futile gesture.

For the reasons set forth above, the Complaint is **DISMISSED with prejudice**, *sua sponte*, pursuant to 28 U.S.C. §1951(e)(2)(B) and the Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  August 11, 2021

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
**U.S. District Judge**
